AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>HUGO ADRIAN ARMENTA-MEDEL,<br>GERARDO GALENO-ROSAS,<br>ROBERTO LAZARO-ARIAS,<br>LUIS ALBERTO LOPEZ-VAZQUEZ,<br>AND<br>ANTONIO ROLDAN-SOSA,<br>Defendants. | Case No. 5:24-MJ-43 (TWD) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of January 29, 2024, in the county of Jefferson, in the Northern District of New York the defendants violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1325(a)(2) | The defendants, aliens and citizens of Mexico, unlawfully eluded examination and inspection by Immigration officials by entering the United States at a place not authorized for the entrance of immigrants. |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature
Border Patrol Agent Kyle Healy
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: Jan 29, 2024

_____
Judge's signature

City and State: Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Kyle Healy, am a Border Patrol Agent with the United States Department of Homeland Security ("DHS"), United States Border Patrol ("BP"). I have been so employed since August 28, 2017.

2. As a part of my duties at BP, I have received training concerning immigration offenses, and investigated violations of the Immigration and Nationality Act and other violations of the United States Code, including, Title 8, United States Code, Sections 1324, 1325, and 1326.

3. I make this affidavit in support of a Criminal Complaint charging HUGO ADRIAN ARMENTA-MEDEL, GERARDO GALENO-ROSAS, ROBERTO LAZARO-ARIAS, LUIS ALBERTO LOPEZ-VAZQUEZ, and ANTONIO ROLDAN-SOSA, with violating Title 8, United States Code, Section 1325(a), which prohibits aliens from eluding examination by immigration officers.

4. The statements in this affidavit are based upon my own knowledge, my review of BP's official records, and upon information that I obtained from other law enforcement officers involved with this investigation. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only facts that I believe are necessary to establish probable cause for the violation stated above.

### Probable Cause

5. On January 28, 2024, Border Patrol Agents (the BPAs) were working their assigned duties in Jefferson County, New York, as part of the Wellesley Island Border Anti-Smuggling Unit (WIB ASU). While patrolling the area of Evans Mills, NY, the BPAs received information that a

2023 Mitsubishi Outlander bearing New Jersey license plate U83SHB (the "Mitsubishi Outlander") was traveling southbound from Hopkinton, New York on State Route (SR) 11.

6. In my training and experience, SR-11 is commonly used by immigrant smugglers to transport individuals who cross the Canada-United States international border illegally. Border Patrol agents at the Wellesley Island Border Patrol Station have apprehended numerous migrant smuggling cases that utilized SR-11 since November 2022. In each event, the vehicles had travelled long distances towards the Canada-United States International Boundary, spent a short amount of time near the border, and made a quick turnaround to start travelling back southbound.

7. Further information indicates that on January 27, 2024, the Mitsubishi Outlander travelled north through Binghamton, New York, then north through Hopkinton, New York where it returned travelling south on January 28, 2024. In my training and experience, the amount of time spent by the Mitsubishi Outlander, the distance travelled towards the international boundary, and the destination's proximity to the international border is consistent with the tactics, techniques, and procedures utilized by alien smuggling organizations.

8. Record checks on New Jersey plate U83SHB revealed the registered owner of the Mitsubishi Outlander was a rental company. This vehicle was observed travelling north from Annapolis, Maryland on January 27, 2024. The distance between Annapolis, Maryland and Hopkinton, New York is approximately 518 miles. BP agents observed the Mitsubishi Outlander as it was passing south on State Route 11 through Evans Mills, New York and heading towards Highway 781. In my training and experience, the use of an out-of-state plated rental vehicle to travel a significant distance to the international border is consistent with tactics, techniques, and procedures utilized by alien smuggling organizations.

9. On January 28, 2024, at approximately 8:10 p.m., BP agents observed the Mitsubishi Outlander on State Route 11 southbound near Evans Mills, New York, and observed multiple people inside the vehicle as it passed by their location. BPAs pulled behind the vehicle to follow. The Mitsubishi Outlander began to drive in an erratic manner by signaling its turn signals in one direction, and then turning the vehicle in the opposite direction. Based on their observations and prior information received, BP agents conducted a vehicle stop of the Mitsubishi Outlander.

10. BP agents approached the vehicle and observed seven individuals inside. BPAs identified themselves as United States Border Patrol Agents and questioned the driver as to his citizenship. The driver, later identified as Isidro Boch GRAVE, stated that everyone in the vehicle was his family. BP agents then asked the remaining occupants of the Mitsubishi Outlander, later identified as Hugo Adrian ARMENTA-Medel, Gerardo GALENO-Rosas, Roberto LAZARO-Arias, Luis LOPEZ-Vazquez, Antonio ROLDAN-Sosa, and Ambrocio PEREZ-Xique as to their citizenship. The passengers were determined to be citizens and nationals of Mexico without any legal basis to be in, reside or work in the United States. The driver, GRAVE, later stated that he crossed illegally in 2012 and was a citizen of Guatemala without any legal basis to be in, reside or work in the United States. At approximately 8:30 p.m., Border Patrol placed all occupants of the Mitsubishi Outlander, including GRAVE, under arrest and arranged for transportation back to the Wellesley Island Border Patrol Station for further processing.

11. At the Border Patrol Station, Galeno-Rosas stated he was born in Mexico and is a citizen of Mexico. Galeno-Rosas stated he flew from Mexico to Toronto to cross into the United States illegally. Galeno-Rosas stated he got a ride from Toronto to the border where he crossed with five other men in the group. Galeno-Rosas stated they walked through snow following signs

to get to the pickup location. Galeno-Rosas stated he saw the lights of the vehicle pull up and everyone got into the vehicle. Galeno-Rosas stated that everyone in the group were just friends.

12. Grave stated he was born in Guatemala and is a citizen of Guatemala. Grave stated that the Mitsubishi Outlander was a rental car. Grave stated that he is illegally in the United States, and that he crossed the southern border in 2004 from Sonora, Mexico. Grave stated he was hired to pick people up via Facebook. Grave stated he was going to get paid $2,500 for the trip. Grave stated that the people he picked up knew what his vehicle looked like ahead of time. Grave stated that once he picked up the people he was to drive to NYC. Grave stated he would get paid via Facebook once he dropped of people in NYC.

13. Lopez-Vazquez stated he was born in Mexico and is a citizen of Mexico. Lopez-Vazquez stated he flew from Mexico to Toronto, Canada and has been in Canada for approximately 5 months. Lopez-Vazquez stated his cousin arranged transport and travel from Toronto into the United States. Lopez-Vazquez stated he followed the group he crossed the border with into the pickup vehicle. Lopez-Vazquez positively identified the driver as Grave. Lopez-Vazquez stated all six people he crossed with got into the Mitsubishi Outlander. Lopez-Vazquez stated that his aunt coordinated payment.

14. Perez-Xique stated he was born in Mexico and is a citizen of Mexico. Perez-Xique stated he had no legal documents that allowed him to be present in the United States. Perez-Xique stated he was deported from the United States approximately 15 years ago. Perez-Xique stated he used the ETA Program to get into Canada. Perez-Xique stated he was on his way to New Jersey. Perez-Xique stated he took an Uber to the border where he met five other men waiting to cross. Perez-Xique stated he knew it was illegal to cross the border in the manner he did. Perez-Xique stated the group followed google maps through the woods to get to the pickup location. Perez-

Xique stated he knew what the pickup vehicle was because it stopped where they were at. Perez-Xique positively identified Grave as the driver of the vehicle. Perez-Xique stated that once the driver brought him the New Jersey, he would have his family pay him $1,000-$2,000 USD. Perez-Xique stated he knew it was illegal to cross the Canadian border in the manner he did, but it is easier than crossing the Mexico border. Perez-Xique stated that once all 6 men got into the vehicle, Grave instructed them to duck down if they saw any police.

## Conclusion

15. Based on the above information, there is probable cause to believe that on or about January 29, 2024, in Jefferson County, New York, in the Northern District of New York, and elsewhere, HUGO ADRIAN ARMENTA-MEDEL, GERARDO GALENO-ROSAS, ROBERTO LAZARO-ARIAS, LUIS ALBERTO LOPEZ-VAZQUEZ, and ANTONIO ROLDAN-SOSA, each aliens and citizens of Mexico, unlawfully eluded examination and inspection by Immigration officials by entering the United States at a place not authorized for the entrance of immigrants, in violation of 8 U.S.C. § 1325(a)(2).

16. I respectfully request that a criminal complaint and an arrest warrant be issued pursuant to this violation of federal law.

ATTESTED TO BY THE APPLICANT:

_____
Kyle Healy
Border Patrol Agent

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on January 29, 2024, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Thérèse Wiley Dancks
United States Magistrate Judge